IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Patricia Love, | : | |
| | : | Case No. 1:19-cv-448 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Adopting Report and |
| The Talbert House, *et al.*, | : | Recommendation |
| | : | |
| Defendant. | : | |

Plaintiff Patricia Love alleges in this action that The Talbert House, her former employer, and Transamerica Retirement Solutions, LLC violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.* Both Defendants moved to dismiss the claims against them. On August 18, 2020, Magistrate Judge Karen L. Litkovitz issued a Report and Recommendation ("R&R") (Doc. 34) recommending that Transamerica's Motion to Dismiss (Doc. 11) be granted, that Talbert House's initial Motion to Dismiss (Doc. 12) be denied as moot, and that Talbert House's Motion to Dismiss the First Amended Complaint (Doc. 23) be denied. Pending before the Court are Talbert House's Objections (Doc. 39) to the R&R, to which Love has filed a Response (Doc. 40) in opposition. For the reasons that follow, the Court will **ADOPT** the R&R and **OVERRULE** the Objections.

I.    STANDARD OF LAW

Magistrate judges are authorized to decide dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The district judge must conduct a de novo review of a magistrate judge's recommendation on a dispositive motion. *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).

**II.     ANALYSIS**

Love asserts claims for relief against Talbert House under three separate ERISA statutory provisions in Counts I, II, and IV of the First Amended Complaint.[1] Talbert House moved to dismiss the claims on the grounds of failure to exhaust administrative remedies and failure to state a claim upon which relief can be granted. The Magistrate Judge recommended against dismissing the ERISA claims against Talbert House, and Talbert House now has objected to her recommendations. The Court has carefully read and evaluated the First Amended Complaint, the dismissal briefs and oral argument transcript, the R&R, Talbert House's Objections, and Love's Response. The Court concludes that the Magistrate Judge properly set forth the facts alleged in the First Amended Complaint, explained and applied the controlling law, and reached the correct conclusions. The Court herein will not address each specific argument Talbert House made in the Objections because the response to most can be found within the R&R itself. Instead, the Court will highlight only a few arguments.

**A.     Count II—Wrongful Denial of Benefits, 29 U.S.C. § 1132(a)(1)(B)**

ERISA provides a private right of action to "a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). In Count II of the First Amended Complaint, Love alleges that Talbert House wrongfully denied her employer contribution benefits to which she was eligible under the 403(b) Plan. Talbert House moved to dismiss this claim on the basis that Love failed to exhaust her administrative remedies. The 403(b) Plan at § 7.05(I) and the Summary Plan Description ("SPD") set forth the

---

[1] Love purported to assert an ERISA claim for breach of fiduciary duty against Transamerica in Count III of both the Complaint and the First Amended Complaint. (Doc. 1 at PageID 10; Doc. 15 at PageID 180.) The Magistrate Judge recommended dismissing the claim for failure to state a claim upon which relief could be granted. (Doc. 34 at PageID 478–482.) Love has not objected to that recommendation.

process for filing claims and seeking an administrative appeal, including that the request for benefits be made in writing. The Plan and SPD did not require the use of "magic words" or a particular form.

The Court agrees with the Magistrate Judge that the multitude of written communications between Love and Talbert House satisfied the administrative exhaustion requirements. The Court broadly interprets Love's references to 403(b) Plan benefits generally to refer to both employer contributions and elective employee contributions. The Court does not rely on any written communications that reference only elective employee contribution benefits to support its conclusion on administrative exhaustion. Love's communications, taken in context, are reasonably read to have requested that Talbert House provide her with both types of benefits under the Plan. When her requests were denied, she and her counsel sought, in writing, reconsideration of the denial decision. This is all that was required.

As to the Objections, Talbert House specifically objects to the Magistrate Judge's consideration of the June 25, 2018 letter from Love's counsel to Talbert House's in-house counsel to help satisfy the exhaustion requirement. Talbert House argues that Federal Rule of Evidence 408 prohibits consideration of the letter *in toto* because it was part of settlement negotiations between counsel. The Court disagrees. Talbert House did not make an evidentiary objection to the letter in its briefing on the Motion to Dismiss to the Magistrate Judge. In fact, it submitted the June 25th letter into evidence as an exhibit to support its Reply brief after redacting the portions of the letter it deemed to contain settlement negotiations. (Doc. 27-3 at PageID 400–402; Doc. 28 at PageID 410.) Talbert House argued to the Magistrate Judge merely that the letter was "properly construed as a settlement demand letter" and, as such, did not constitute a "claim for benefits or an appeal through the Plan." (Doc. 28 at PageID 410.) That

is, Talbert House made only a relevancy argument to the Magistrate Judge, not a Rule 408 argument. The Court usually will not consider arguments in objections to a report and recommendation that were not first presented to the Magistrate Judge. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (2000) ("Absent compelling reasons[,]" parties cannot raise in their objections "new arguments or issues that were not presented to the magistrate."); *Alexander v. Comm'r of Soc. Sec.*, No. 1:14CV01863, 2015 WL 5124803, at *5 (N.D. Ohio Aug. 31, 2015) ("Issues raised for the first time in an objection will not be considered by the Court."). Moreover, Rule 408 provides that statements made as part of settlement negotiations are not admissible "to prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408. Rule 408 does not prohibit the consideration of such statements for other purposes; specifically, it does not prohibit their consideration to establish that a plaintiff fulfilled administrative exhaustion requirements.

The Court will affirm the R&R and deny the Motion to Dismiss as to Count II of the First Amended Complaint.

**B.    Count I—Breach of Fiduciary Duty, 29 U.S.C. § 1132(a)(3)**

ERISA requires fiduciaries to discharge their duties with respect to a plan "for the exclusive purpose of: providing benefits to participants and their beneficiaries" and to act with the "care, skill, prudence, and diligence" of a "prudent man." 29 U.S.C. § 1104. Section 1132(a)(3) can be used to redress breaches of a fiduciary duty. *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 370 (6th Cir. 2015) (*en banc*). It creates a cause of action for a participant to enjoin an act that violates ERISA or the terms of an ERISA plan or to obtain other appropriate equitable relief for such violations. 29 U.S.C. § 1132(a)(3). Section 1132(a)(3) acts as "a safety net, offering appropriate equitable relief for injuries caused by violations that § [1132] does not

elsewhere adequately remedy." *Varity Corp. v. Howe*, 516 U.S. 489, 512 (1996). Equitable relief under § 1132(a)(3) "is not ordinarily appropriate where Congress has elsewhere provided adequate means of redress for a claimant's injury." *Rochow*, 780 F.3d at 371. The § 1132(a)(3) claim must be "based on an injury separate and distinct from the denial of benefits." *Id.* at 372.

Love alleges in this claim that Talbert House breached its fiduciary duties by misrepresenting to her whether she was eligible to make elective employee contributions under the Plan. She seeks as damages her "lost investment income and lost tax benefits of deferring compensation through elective employee contributions." (Doc. 15 at PageID 179.) So construed, the claim does not overlap with Count II, and it is not a disguised or improper claim for benefits under § 1132(a)(1)(B). Talbert House's objections to the contrary are not well-taken. It follows that Talbert House's administrative exhaustion argument fails because there is no exhaustion requirement for ERISA breach of fiduciary duty claims. *See Hitchcock v. Cumberland Univ. 403(b) DC Plan*, 851 F.3d 552, 564–565 (6th Cir. 2017). Accordingly, the Court will affirm the R&R and deny the Motion to Dismiss as to Count I of the First Amended Complaint.

**C.      Count IV—Interference with Protected Rights, 29 U.S.C. § 1140**

Under ERISA, "[i]t shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled." 29 U.S.C. § 1140. Claims for violations of § 1140 are enforced through § 1132. *Id.* Love alleges in this claim that Talbert House interfered with her right to benefits and retaliated against her for requesting benefits by misclassifying her employment, withdrawing employer contributions from her account, and terminating her

5

employment. Talbert House moved for dismissal, and made an objection, on the basis that Love did not plead that it had specific intent to violate ERISA.

To state a *prima facie* case for interference under ERISA, a plaintiff "must show: (1) prohibited employer conduct (2) taken for the purpose of interfering (3) with the attainment of any right to which the employee may become entitled." *Bailey v. U.S. Enrichment Corp.*, 530 F. App'x 471, 477 (6th Cir. 2013) (quoting *Clark v. Walgreen Co.,* 424 F. App'x 467, 474 (6th Cir. 2011) (*per curiam*)). A plaintiff must prove that "an adverse action . . . was taken with the specific intent of violating ERISA." *Spangler v. E. Ky. Power Coop., Inc.*, 790 F. App'x 719, 721 (6th Cir. 2019) (internal quotation and citation omitted).

Talbert House argues that the Sixth Circuit in *Bailey* held that a plaintiff must plead more than temporal proximity to plead the specific intent element of an ERISA interference claim. This is incorrect. The Sixth Circuit in *Bailey* did not discuss temporal proximity. Regardless, Love does not rely solely on temporal proximity. She alleged not only that her position was eliminated after she questioned Talbert House benefits and human resources personnel about her benefits under the 403(b) Plan, but also that Talbert House offered to give her the position back on a contractual basis under which she would be ineligible for Plan benefits. (Doc. 15 at PageID 175–176.) These allegations are sufficient at the dismissal stage to state a plausible claim that Talbert House had specific intent to interfere with Love's attainment of benefits. The Court will affirm the R&R and deny the Motion to Dismiss as to Count IV of the First Amended Complaint.

### III. CONCLUSION

For the foregoing reasons, the Report and Recommendation (Doc. 34) is **ADOPTED** and Talbert House's Objections (Doc. 39) are **OVERRULED**. Transamerica's Motion to Dismiss (Doc. 11) is **GRANTED**, Talbert House's initial Motion to Dismiss (Doc. 12) is **DENIED AS**

6

**MOOT**, and Talbert House's Motion to Dismiss the First Amended Complaint (Doc. 23) is **DENIED**.

    **IT IS SO ORDERED.**

Dated this 3rd day of November, 2020.

                                    BY THE COURT:

                                    S/Susan J. Dlott
                                    Susan J. Dlott
                                    United States District Judge